UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CASE NO. 2:10-CV-00631

NICHOLAS ZENDEJAS
v.
J.B. HUNT TRANSPORT, INC.

NOTICE OF REMOVAL

# EXHIBIT 1

1 | RICHARD L. KLAUER, #003070
Richard L. Klauer, P.C.
2 | 4720 East Cholla Street
Phoenix, AZ 85028
3 | (602) 230-1393

4 | Attorney for Plaintiff Zendejas

5 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

6 | IN AND FOR THE COUNTY OF MARICOPA

7 | NICHOLAS ZENDEJAS, an individual,   ) Case No.: **CV2010-051146**
8 |                                     )
   | Plaintiff,                         ) SUMMONS
9 |                                     )
10| vs.                                 )
   |                                     ) *If you would like legal advice from a lawyer,*
11| J.B. HUNT TRANSPORT, INC., a        ) *contact the Lawyer Referral Service at*
12| Georgia corporation,                )
   |                                     ) *602-257-4434*
13|                                     ) *or*
   | Defendant.                         ) *www.lawyerfinders.org.*
14|                                     )
   |                                     ) *Sponsored by the*
15|                                     ) *Maricopa County Bar Association*

16|

17| **THE STATE OF ARIZONA TO THE DEFENDANT:**

18| Corporation Service Company, Statutory Agent for
        J.B. Hunt Transport, Inc.
19| 2338 W. Royal Palm Road, Suite J
20| Phoenix, AZ 85021

21|     **YOU ARE HEREBY SUMMONED** and required to appear and defend, within
22| the time applicable, in this action in this Court. If served within Arizona, you shall
   | appear and defend within 20 days after the service of the Summons and Complaint
23| upon you, exclusive of the day of service. If served out of the State of Arizona –
24| whether by direct service, by registered or certified mail, or by publication – you shall
   | appear and defend within 30 after the service of the Summons and Complaint is
25| complete, exclusive of the day of service. Where process is served upon the Arizona
26| Director of Insurance as an insurer's attorney to receive service of legal process against
   | it in this state, the insurer shall not be required to appear, answer or plead until
27| expiration of 40 days after date of such service upon the Director. Service by registered
28| or certified mail out of the State of Arizona is complete 30 days after the date of filing
   | the receipt and affidavit of service with the Court.

-1-

Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt of Officer's Return.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. The name and address of Plaintiffs' attorney is:

RICHARD L. KLAUER,
Richard L. Klauer, P.C.
4720 East Cholla Street
Phoenix, AZ 85028

**PLEASE BE ADVISED** that request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

**SIGNED AND SEALED** this date:



CLERK OF THE COURT

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CASE NO. 2:10-CV-00631

NICHOLAS ZENDEJAS
v.
J.B. HUNT TRANSPORT, INC.

NOTICE OF REMOVAL

# EXHIBIT 2

RICHARD L. KLAUER, #003070
Richard L. Klauer, P.C.
4720 East Cholla Street
Phoenix, AZ 85028
(602) 230-1393

Attorney for Plaintiff Zendejas



COPY

MAR 04 2010

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| NICHOLAS ZENDEJAS, an individual, | Case No.: CV2010-051146 |
| Plaintiff, | **COMPLAINT** |
| vs. | (Unpaid Wages, Breach of Duty of Good Faith and Fair Dealing, Unjust Enrichment) |
| J.B. HUNT TRANSPORT, INC., a Georgia corporation, | |
| Defendant. | |

COMES NOW the Plaintiff, Nicholas Zendejas, an individual, by and through his attorney undersigned, and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction and venue are proper in this Court because the matter in controversy meets its monetary jurisdiction, and by virtue of the Defendant's actions which caused the events to occur in Maricopa County, Arizona.

2. The Plaintiff, Nicholas Zendejas, is and at all times material hereto, a resident of Maricopa County, Arizona.

3. The corporate defendant J.B. Hunt Transport, Inc. (hereinafter "Defendant J.B. Hunt") is a Georgia corporation doing business in Arizona and caused

the events that give rise to this action that are the subject of this Complaint to occur in the State of Arizona.

## GENERAL ALLEGATIONS

4. Plaintiff Nicholas Zendejas (hereinafter "Plaintiff Zendejas") was employed full-time by Defendant J.B. Hunt between October 30, 2007 and August 18, 2009.

5. Plaintiff Zendejas had the titles of "Operations Supervisor" and "Transportation Dispatcher".

6. Plaintiff Zendejas did not hold a management position with Defendant J.B. Hunt. His role as "Operations Supervisor" was merely a title. His primary duty was to implement his manager's decisions. Plaintiff Zendejas had no independent discretion and everything he did was subject to his manager's approval.

7. Plaintiff Zendejas' weekly regular work schedule at J.B. Hunt was Monday through Friday from 7:00 am to 4:00 pm.

8. Plaintiff Zendejas had an annual salary of $45,000 a year. This salary equates to an hourly wage of $21.63 per hour.

9. Plaintiff Zendejas' weekly overtime work occurred each Monday through Friday from 4:00 pm to 9:00 pm, each Saturday for seven hours, and each Sunday for one hour. Plaintiff Zendejas worked 33 overtime hours each week for 52 weeks, for a total of 1716 overtime hours at $32.45 for each overtime hour.

10. Plaintiff Zendejas was paid only for his regular work hours, with no compensation for overtime hours.

11. As of the date of this Complaint, Defendant J.B. Hunt owes Plaintiff Zendejas $55,684.20 for the overtime hours worked by Plaintiff Zendejas.

## COUNT ONE
(Unpaid Overtime Compensation
29 USC §216(b))

12. Plaintiff Zendejas hereby incorporates by reference the allegations of paragraphs 1-10 as though fully set forth herein.

13. Plaintiff Zendejas brings this action to recover unpaid overtime compensation, attorney's fees, and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 USC §216(b)), hereinafter referred to as the Act.

14. Pursuant to 29 U.S.C. §207:

> Employees who work in excess of 40 hours in any 7-day workweek must receive compensation at a rate not less than one and one-half times the regular hourly rate at which is the employee is paid.

15. During the period from October 30, 2007 to August 18, 2009, Defendant J.B. Hunt failed and refused to compensate Plaintiff Zendejas for his work in excess of 40 hours at rates not less than $32.45 per hour, one and one-half times $21.63 per hour, the regular rates at which he was employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. §207(a)).

16. As a result of Defendant J.B. Hunt's said violation of Section 7 of the Act, there is due and owing the amount of $55,684.20 to Plaintiff Zendejas.

17. This matter arises out of an express or implied contract and Zendejas is entitled to an award of reasonable attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, it is respectfully requested Plaintiff Zendejas be awarded damages against Defendant J.B. Hunt as follows:

A. For at least $55,684.20, which is the amount Plaintiff Zendejas earned as a result of working overtime hours for the Defendant;

B. For Plaintiff Zendejas' costs incurred herein;

C. For attorney's fees incurred by Plaintiff Zendejas pursuant to 29 U.S.C. §216(b);

D. If this matter proceeds by default, that Plaintiff Zendejas be awarded attorney's fees in an amount of $2,500.00;

E. For pre- and post-judgment interest on the total amount awarded herein at the rate of ten percent (10%) per annum until paid in full;

F. For such other and further relief as the court deems just and proper.

**COUNT TWO**
(Unpaid Wages A.R.S. §23-350, et. seq.)

18. Plaintiff Zendejas hereby incorporates by reference the allegations of paragraphs 1-10 as though fully set forth herein.

19. A.R.S. §23-350 defines "Wages" as:

> [N]ondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation. Wages include sick pay, vacation pay, severance pay, commissions, bonuses and other amounts promised when the employer has a policy or a practice of making such payments.

12. Pursuant to A.R.S. §23-355:

> If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages.

13. Defendant J.B. Hunt failed to pay the overtime wages owed to Plaintiff Zendejas without a good faith dispute. Plaintiff Zendejas is entitled to treble damages pursuant to A.R.S. §23-355, *et.seq.* in an amount of $167,052.60.

14. This matter arises out of an express or implied contract and Zendejas is entitled to an award of reasonable attorneys' fees pursuant to A.R.S. §12-314.01.

WHEREFORE, it is respectfully requested Plaintiff Zendejas be awarded damages against Defendant J.B. Hunt as follows:

G. For at least $167,052.60, which are treble damages of $55,684.20 in overtime hours due to Plaintiff Zendejas pursuant to A.R.S. §23-350 and §23-355.

H. For Plaintiff Zendejas' costs incurred herein;

I. For attorney's fees incurred by Plaintiff Zendejas pursuant to A.R.S. §12-341.01;

J. If this matter proceeds by default, that Plaintiff Zendejas be awarded attorney's fees in an amount of $2,500.00;

K. For pre- and post-judgment interest on the total amount awarded herein at the rate of ten percent (10%) per annum until paid in full;

L. For such other and further relief as the court deems just and proper.

## COUNT THREE
(Breach of Duty of Good Faith and Fair Dealing)

15. Plaintiff Zendejas hereby incorporates by reference the allegations of paragraphs 1-10 as though fully set forth herein.

16. The actions of Defendant J.B. Hunt, including its wrongful refusal to perform their obligations under the terms and conditions of the parties' Employment Contract for their own pecuniary advantage constitutes a breach of the duty of good faith and fair dealing imposed by law upon parties to a contract.

17. As a result of Defendant J.B. Hunt breaching their duties, Plaintiff Zendejas has been damaged for $55,684.20 due to Plaintiff Zendejas per the terms of the Employment Contract, pursuant to A.R.S. §23-350, *et.seq.*.

WHEREFORE, it is respectfully requested Plaintiff Zendejas be awarded damages against Defendant J.B. Hunt as follows:

A. For 55,684.20 due to Plaintiff Zendejas per the terms of the Employment Contract, pursuant to A.R.S. §23-350, *et.seq.*

B. For Plaintiff Zendejas' costs incurred herein;

C. For attorney's fees incurred by Plaintiff Zendejas pursuant to A.R.S. §12-341.01;

D. If this matter proceeds by default that Plaintiff Zendejas be awarded attorney's fees in an amount of $2,500.00;

E. For pre- and post-judgment interest on the total amount awarded herein at the rate of ten percent (10%) per annum until paid in full;

F.  For such other and further relief as the court deems just and proper.

## COUNT FOUR
(Unjust Enrichment)

19. Plaintiff Zendejas hereby incorporates by reference the allegations of paragraphs 1-9 as though fully set forth herein.

20. Defendant J.B. Hunt was enriched by the hours Plaintiff Zendejas worked for the company without payment of wages owed to him.

21. Defendant J.B. Hunt's failure to pay Plaintiff Zendejas the wages owed to him is unjust.

22. Defendant J.B. Hunt does not have a defense for its failure to pay Plaintiff Zendejas the overtime wages owed to him.

WHEREFORE, it is respectfully requested Plaintiff Zendejas be awarded damages against Defendant J.B. Hunt as follows:

A.  For $55,684.20 due to Plaintiff Zendejas per the terms of the Employment Contract, pursuant to A.R.S. §23-350, *et.seq.*

B.  For Plaintiff Zendejas' costs incurred herein;

C.  For attorney's fees incurred by Plaintiff Zendejas pursuant to A.R.S. §12-341.01;

D.  If this matter proceeds by default that Plaintiff Zendejas be awarded attorney's fees in an amount of $2,500.00;

E.  For pre- and post-judgment interest on the total amount awarded herein at the rate of ten percent (10%) per annum until paid in full;

F.  For such other and further relief as the court deems just and proper.

DATED this 4th day of March, 2010.

RICHARD L. KLAUER, P.C.

By: *[signature]*

Richard L. Klauer, Esq.
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CASE NO. 2:10-CV-00631

NICHOLAS ZENDEJAS
v.
J.B. HUNT TRANSPORT, INC.

NOTICE OF REMOVAL

# EXHIBIT 3

RICHARD L. KLAUER, #003070
Richard L. Klauer, P.C.
4720 East Cholla Street
Phoenix, AZ 85028
(602) 230-1393

Attorney for Plaintiff Zendejas

**COPY**
MAR 04 2010
MICHAEL K. JEANES, CLERK
MARTHA WANKE
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CV2010-051146

| | |
|---|---|
| NICHOLAS ZENDEJAS, an individual, | Case No.: |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| vs. | |
| J.B. HUNT TRANSPORT, INC., a Georgia corporation, | |
| Defendant. | |

The undersigned certifies that he knows the dollar limits and other limitations set forth by the local rules of practice for the Maricopa County Superior Court, and further certifies that this case **is subject NOT to compulsory arbitration,** as provided by rules 72 through 76 of the Arizona Rules of Civil Procedure because it seeks money damages in excess of the statutory limits for arbitration.

DATED this 4th day of March, 2010.

RICHARD L. KLAUER, P.C.

By: /s/ Richard L. Klauer
Richard L. Klauer, Esq.
Attorney for Plaintiff Zendejas

-1-